UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Zani, *individually and on behalf of all others similarly situated,*

        Plaintiff,

       v.

Rite Aid Corporation,

        Defendant.

   :
   :   Civil Action No.: <u>1:14-cv-09701-AJN</u>
   :
   :
   :
   :   CLASS ACTION COMPLAINT
   :
   :
   :

## CLASS ACTION COMPLAINT

Plaintiff, Robert Zani, individually and on behalf of all others similarly situated, sues Defendant, Rite Aid Corporation ("Rite Aid") and states as follows:

## NATURE OF THE ACTION

1.    This is a putative class action brought by Plaintiff, Robert Zani ("Zani"), pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and (1) all persons in the United States (2) to whose cellular telephone number (3) Rite Aid placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within four years of the complaint (6) where Rite Aid did not have express written consent to call said cellular telephone number (the "Class").

2.    Plaintiff seeks damages and injunctive relief resulting from the illegal actions of Rite Aid in contacting Plaintiff and Class members on their cellular telephone for non-emergency purposes using a prerecorded message or artificial voice in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The TCPA prohibits calls to cellular telephones using prerecorded or artificial voices without prior express written consent of the called party.

1

3. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991 . . . ." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742 (2012). "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.*

4. The TCPA regulates, among other things, the use of prerecorded messages and use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

5. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

6. On February 15, 2012, the FCC revised its rules implementing the TCPA to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers. In re Rules and Regulations Implementing the TCPA, 27 FCC Rcd. 1830, 1838-40 (2012). Pursuant to FCC rules, effective October 16, 2013, unambiguous written consent is required before a telemarketer makes an autodialed or prerecorded call to a wireless number, and there is no exception for telemarketers that have an established business relationship with the consumer.

## PARTIES, JURISDICTION AND VENUE

7.      Zani is and at all times mentioned herein was an individual person residing in the state of New York.

8.      Defendant, Rite Aid, is a Delaware corporation that maintains its headquarters at 30 Hunter Lane, Camp Hill, PA 17011.   Rite Aid operates approximately 4,600 stores in 31 states and the District of Columbia. As of March 1, 2014, Rite Aid operated 613 stores in New York.[1]

9.      This Court has subject matter jurisdiction under 28 U.S.C. §1331.

10.     Personal jurisdiction and venue in this District are proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

11.     Many Rite Aid stores have pharmacies. In a quest to compete with other pharmacies, Rite Aid implemented a telemarketing tool in which it made automated calls to prior customers and others using an artificial or prerecorded voice in order to solicit Rite Aid's services.

12.     Because the prerecorded calls were for telemarketing purposes, Rite Aid was required to have express written consent prior to making the calls.

13.     Rite Aid was also required to allow consumers to opt out of these calls via an automated, interactive voice-and/or key press-activated opt-out mechanism and to honor requests by consumers to opt out.

14.     Prior to making the prerecorded calls, Rite Aid did not obtain express consent of consumers, including Plaintiff, as required by the TCPA.

_____

[1] Rite Aid 2014 Annual Report (10-K), at 18, *available at* https://content.riteaid.com/www.riteaid.com/w-content/images/company/investors/anrpts/annual 14.pdf (last visited Nov. 18, 2014).

3

15.    In addition, Rite Aid did not comply with the TCPA's requirements for allowing

consumers, including Plaintiff, to opt out of the prerecorded calls.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

16.    Concurrent with placing a prescription with Rite Aid's pharmacy, Plaintiff began

receiving automated prerecorded voice messages relating to flu shots offered by Rite Aid to his

cellular phone.

17.    Plaintiff never provided express written consent to receive prerecorded or artificial

voice calls to his cellular telephone from Rite Aid.

18.    Plaintiff never inquired with Rite Aid about a flu shot.

19.    On the prerecorded calls, there was no way to speak to a live person to request that

the calls stop, nor was there an automated prompt whereby Plaintiff could make the request.

Accordingly, Rite Aid failed to comply with the TCPA's requirement that consumers be allowed

to opt out via an automated, interactive voice-and/or key press-activated opt-out mechanism.

20.    Plaintiff complained of the calls to his local Rite Aid location.   A Rite Aid

employee at that location said they did not have any information about the calls, and could not

make them to stop.

21.    The prerecorded calls were for telemarketing purposes as the purpose of the calls

was to solicit Rite Aid's flu shots for which Rite Aid advertises and sells to the public.

22.    Plaintiff was annoyed and disturbed by the calls.    Plaintiff switched his

prescription to another pharmacy because of the calls.

## CLASS ALLEGATIONS

23.    Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2)

4

and (b)(3) on behalf the following Class and sub-class:

TCPA Class

**(1) All persons in the United States (2) to whose cellular telephone number (3) Rite Aid placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within four years of the complaint (6) where Rite Aid did not have express written consent to call said cellular telephone number (the "TCPA Class").**

TCPA Flu Shot Sub-Class

**(1) All persons in the United States (2) to whose cellular telephone number (3) Rite Aid placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within four years of the complaint (6) where the message advertised flu shots; and (7) Rite Aid did not have express written consent to call said cellular telephone number (the "TCPA Flu Shot Sub-Class").**

22.    Plaintiff represents and is a member of the TCPA Class and TCPA Flu Shot Sub-Class (collectively the "Class").   Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

23.    Plaintiff does not know the exact number of members in the Class, but based upon the size, national scope of Rite Aid and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Class numbers in the thousands.

24.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Rite Aid.

25.    There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common

questions of law and fact include, but are not limited to, the following:

i. Whether Rite Aid engaged in a pattern of using artificial or prerecorded voices to place calls to cellular phones;

ii. Whether the calls at issue were for telemarketing purposes;

iii. Whether Rite Aid had prior express consent to place the calls;

iv. Whether Rite Aid failed to allow consumers to opt out of the calls;

v. Whether Rite Aid negligently violated the TCPA; and

vi. Whether Rite Aid willfully violated the TCPA.

26. As a person who received telephone calls from Rite Aid using an artificial or prerecorded voice to his cellular phone relating to prescription medications without his prior express consent, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

27. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class Members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class Members, by definition, did not provide the prior express consent required under the

6

statute to authorize calls to their cellular telephones as Rite Aid did not attempt to obtain consent required by the TCPA prior to placing the calls.

29. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – NEGLIGENT VIOLATIONS OF THE TCPA

30. Plaintiff incorporates the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff brings this claim on behalf of the Class.

32. Rite Aid made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class.

33. Rite Aid has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ."

34. Each of the aforementioned calls by Rite Aid constitutes a negligent violation of the TCPA.

35. In addition, Rite Aid failed to allow Plaintiff and members of the Class to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

36. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. §

227(b)(3)(B).

37.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

38.     Plaintiff incorporates the allegations of Paragraphs 1 through 37 as if fully set forth herein.

39.     Plaintiff brings this claim on behalf of the Class.

40.     Rite Aid made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other Class members using prerecorded or artificial voices.

41.     These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class.

42.     Rite Aid has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ."

43.     Each of the aforementioned calls by Rite Aid constitutes a willful violation of the TCPA.

44.     In addition, Rite Aid failed to allow Plaintiff and Class members to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

45.     Plaintiff and the members of the Class are entitled to an award of $1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46.     Plaintiff and Class members are also entitled to and do seek injunctive relief

8

prohibiting Defendant's violation of the TCPA in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on issues so triable.

Dated: December 5, 2014

Respectfully submitted,

By:

Sergei Lemberg, Esq.
LEMBERG LAW LLC
1100 Summer Street, Third Floor
Stamford, CT, 06905
203.653.2250 x5500 (office)
203.653.3425 (fax)
slemberg@lemberglaw.com

By:

Stephen Taylor, Esq.
LEMBERG LAW LLC
1100 Summer Street, Third Floor
Stamford, CT, 06905
203.653.2250 x5502 (office)
203.653.3425 (fax)
staylor@lemberglaw.com

Keith J. Keogh (Pro Hac Vice to be filed)

9

Timothy Sostrin (Pro Hac Vice to be filed)
Michael Hilicki (Pro Hac Vice to be filed)
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois    60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

John Yanchunis (Pro Hac Vice to be filed)
Tamra Givens (Pro Hac Vice to be filed)
Morgan & Morgan Complex Litigation
Group
201 North Franklin Street, 7th Floor
Tampa, FL 33602

10